Amos TATE, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 5, 2002.

Decided May 3, 2002.

Meagan A. Bilik, Greensburg, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Amos Tate (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. We vacate and remand.

Petitioner was paroled to a Community Corrections Center (CCC) on May 21, 2001. He was discharged from the program on June 6, 2001, for failure to follow the rules of the program. Thereafter, the Board issued a warrant to commit and detain, charging him with a technical parole violation of Parole Condition 7, unsuccessful discharge from a CCC. After a hearing, the Board entered an order on August 24, 2001, recommitting Petitioner to serve the balance of his term, 1 year, 4 months and 16 days as a technical parole violator. Petitioner filed a request for administrative relief with the Board. The request was dismissed as untimely filed on November 5, 2001. The Board stated as follows:

> This determination answers an administrative appeal to the Board received

October 2, 2001, that is deemed to object to a revocation decision mailed August 24, 200[1]. It appears from the exterior of the envelope in which the administrative appeal was mailed that delivery of the administrative appeal was delayed because insufficient postage was affixed to the envelope, because the envelope was misaddressed or because of both of those reasons..... [1]

There is no dispute that the envelope containing Petitioner's appeal was dated September 19, 2001, that it contains a stamp "POSTAGE DUE" and that it was actually received by the Board on October 2, 2001. Further, we note that the last day to file the appeal was Monday, September 24, 2001.

▮ The question before us is, under this court's recent decision in *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605 (Pa.Cmwlth.2001), was the request for administrative relief timely filed with the Board.[2] In *Pettibone* we held that the supreme court's ruling in *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996), that *pro se* petitions for review filed by inmates are deemed filed when the inmate delivers the appeal to prison authorities or when he places his notice of appeal in the institutional mailbox, applies with equal force to requests for administrative relief filed before the Board. This so-called "prisoner mailbox rule" recognizes that inmates do not retain the level

of control over mailings that non-incarcerated persons do and that travelling to the courthouse personally to file documents is not an option for them.

▮ The Board asserts that "inherent in this rule is the requirement that inmates properly address [their] petitions and affix the appropriate postage." (Board's Brief at p. 6.) We agree in part. Where an inmate's filing is received late because it was incorrectly addressed, the inmate must bear the consequences. Nothing in *Pettibone* or *Smith* indicates that inmates are entitled to the benefit of the mailbox rule because they have misaddressed items.

▮ The issue of postage, however, is another matter. Reference to the Department of Corrections' Administrative Directive 803, pertaining to inmate mail, gives no indication that inmates are, themselves, permitted to possess actual postage.[3] Therefore, if a mailed item has insufficient postage on it, it could be because the inmate's directions regarding postage were incorrect, in which case, *Pettibone* would not operate to his benefit, or because prison officials made an error in affixing postage, although the inmate's directive was correct. In the latter instance, under the rationale of *Pettibone* and *Smith*, we believe that the inmate mailbox rule would apply.

---

1. The Board does not explain how the envelope was misaddressed. It reads:
   Parole Board Secretary Zwierzyna
   Pennsylvania Board of Probation and Parole
   Post Office Box 1661
   Harrisburg, PA 17105–1661.
   It appears that this is an outdated postal box number for the Board.

2. Our scope of review is limited to determining whether the findings are supported by

substantial evidence and whether the Board abused its discretion or committed an error of law. *Pettibone*, 782 A.2d at 607 n. 3.

3. It appears from the *Smith* decision, that a "Cash Slip" is used and the inmate fills out a form directing that money be deducted from his account for postage, but the postage is affixed by mailroom personnel within the correctional facility.

In the case *sub judice*, there is nothing on the envelope indicating that the address itself delayed delivery. There is, however, an indication of postage due. We do not know whether the failure to affix the correct postage was the result of Petitioner's incorrect directions or a mistake on the part of a prison employee working in the mailroom. Thus, we must remand for findings on this issue. *Accord Smith* (remanding for evidence pertaining to the inmate's Cash Slip for postage or an affidavit indicating when the item was deposited with prison authorities for mailing).

We are cognizant that Petitioner's maximum sentence will expire in October of this year, but the jurisdictional issue of the timeliness of the appeal to the Board cannot be evaded.

Based on the foregoing discussion, the order of the Board is vacated and this matter is remanded for additional findings of fact and a new decision.[4]

### *ORDER*

**NOW,** May 3, 2002, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby vacated, and this case is remanded for the Board to conduct further proceedings consistent with this opinion and issue a new decision within 60 days of entry of this order.

Jurisdiction relinquished.

---

4. Because of our disposition of this matter, we cannot reach the other issues raised.