IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore B. Savage, J.D.,      :
     : No. 199 C.D. 2015
     Petitioner     : Submitted: July 24, 2015
     :
     v.     :
     :
Pennsylvania Board of     :
Probation and Parole,     :
     :
     Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN          FILED: September 11, 2015


       Theodore B. Savage, J.D., petitions for review of the February 10, 2015, decision of the Pennsylvania Board of Probation and Parole (Board), which dismissed Savage's petition for administrative relief (petition) as untimely. We affirm.

       Between March 11, 1993, and March 30, 1994, Savage was convicted of aggravated assault, witness intimidation, and two counts of robbery. (C.R. at 1.) Savage was sentenced to an aggregate of 14½ to 31 years' imprisonment, effective February 19, 1995. (*Id.* at 2.) On August 9, 2012, Savage was released on parole to the Community Corrections Center (CCC) at Wernersville. (*Id.* at 29-30.)

On June 25, 2014, Savage was arrested for simple assault and harassment, and the Board lodged a detainer against him for parole violations. (*Id.* at 34, 37-39.) On July 23, 2014, the magisterial district judge dismissed the criminal charges against Savage. (*Id.* at 56.) On August 18, 2014, Savage was released to the CCC at Scranton. (*Id.* at 66.) That same day, Savage left the CCC without permission and failed to return, and the Board declared Savage delinquent on August 22, 2014. (*Id.* at 53, 58.)

On November 11, 2014, police arrested Savage, and the Board lodged a detainer against him. (*Id.* at 54, 67.) On November 19, 2014, the Board conducted a parole violation hearing to determine if Savage should be recommitted as a technical parole violator (TPV). (*Id.* at 80, 89.) By decision mailed December 16, 2014, the Board recommitted Savage as a TPV and recalculated his maximum sentence date to May 15, 2026. (*Id.* at 109-11.) The Board's decision informed Savage of his right to appeal within 30 days of the December 16, 2014, mailing. (*Id.* at 111.)

On January 8, 2015, Savage delivered his petition to prison officials. (*Id.* at 112.) On January 9, 2015, Savage submitted a cash slip for postage.[1] (*Id.* at 113.) In its January 16, 2015, response to Savage's cash slip, a prison official informed Savage that he had insufficient funds to mail the petition and that he should resubmit it once he had sufficient funds.[2] (*Id.*) The prison mailed Savage's petition

---

[1] A prisoner uses a cash slip to request that prison officials deduct funds from the prisoner's account to pay for postage. *Tate v. Pennsylvania Board of Probation and Parole*, 797 A.2d 435, 436 n.3 (Pa. Cmwlth. 2002).

[2] The prison official advised Savage that the cost to mail his petition was $2.45, and Savage only had $.10 in his account. (C.R. at 113.)

on January 21, 2015 (*id.* at 157), and the Board received it on January 23, 2015. (*Id.* at 112.) The Board dismissed the petition as untimely because the petition "was not received or submitted within 30 days of the decision in question." (*Id.* at 157.) Savage now petitions this court for review.[3]

On appeal, Savage argues that the Board erred in denying his petition as untimely.[4] Savage asserts that because he delivered his petition to prison officials within the 30-day appeal period, his petition was timely filed pursuant to the prisoner mailbox rule. We disagree.

In *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 281 (Pa. 1996), the Pennsylvania Supreme Court adopted the prisoner mailbox rule, holding that a prisoner's *pro se* appeal of an agency decision to a state appellate court "shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." The Supreme Court reasoned that the rule was necessary to ensure fairness to *pro se* prisoners who cannot file their appeals in person and must "'entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers.'" *Id.* (citation omitted). Citing the Supreme Court's rationale in *Smith*, this court extended the prisoner mailbox rule to a prisoner's *pro se* administrative appeal to the Board.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] "Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination." 37 Pa. Code §73.1(b)(1).

*Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607-08 (Pa. Cmwlth. 2001).

Here, although Savage delivered his petition to prison officials before the 30-day appeal period expired, he did not have sufficient funds for postage. In *Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 35 (Pa. Cmwlth. 2006) (emphasis added), we held that the filing date "is the date that [the c]laimant's counsel actually placed the envelope in the mail, *with the correct amount of postage . . .* which resulted in delivery." The date on which an appeal is mailed but later returned due to incorrect postage cannot be the filing date because "but for affixing the correct postage, the envelope containing the appeal would never be received . . . and filed." *Id.*

In *Tate v. Pennsylvania Board of Probation and Parole*, 797 A.2d 435 (Pa. Cmwlth. 2002), we discussed the effect of incorrect postage on the prisoner mailbox rule. In *Tate*, the prisoner's administrative appeal was mailed within the appeal period but was not received by the Board until after the end of the appeal period due to insufficient postage. *Id.* at 436. Noting that it was unclear if prisoners are permitted to possess actual postage, we held:

> [I]f a mailed item has insufficient postage on it, it could be because the *inmate's* directions regarding postage were incorrect, *in which case, Pettibone would not operate to his benefit*, or because prison officials made an error in affixing postage, although the inmate's directive was correct. In the latter instance, under the rationale of *Pettibone* and *Smith*, we believe that the [prisoner] mailbox rule would apply.

4

*Id.* (emphases added).

Although Savage argues that his petition was filed pursuant to the prisoner mailbox rule when he delivered it to prison officials, the prisoner mailbox rule does not apply where the Board does not receive a prisoner's *pro se* appeal until after the filing deadline because the prisoner had insufficient funds in his account for the necessary postage. *See Shea*, 898 A.2d at 35; *Tate*, 797 A.2d at 436. Therefore, the prisoner mailbox rule does not apply, and the Board correctly dismissed Savage's petition as untimely.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore B. Savage, J.D.,     :
             : No. 199 C.D. 2015
       Petitioner  :
             :
      v.      :
             :
Pennsylvania Board of     :
Probation and Parole,     :
             :
      Respondent :

# O R D E R

AND NOW, this 11<u>th</u> day of <u>September</u>, 2015, we hereby affirm the February 10, 2015, decision of the Pennsylvania Board of Probation and Parole.

_____
ROCHELLE S. FRIEDMAN, Senior Judge