IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Frawley,                              :
                        Petitioner          :
                                            :
        v.                                  :  No.  211 C.D. 2023
                                            :  Submitted:  February 6, 2024
Pennsylvania Parole Board,                  :
                        Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  March 13, 2024


        Robert Frawley (Frawley) petitions for review of the Pennsylvania Parole
Board's (Parole Board) order mailed February 10, 2023 (Order), in which the Parole
Board dismissed as untimely Frawley's request for administrative relief (Request for
Relief) of the Parole Board's decision, mailed January 27, 2022, to recommit
Frawley as a technical parole violator (TPV) (Recommitment Order).  After review,
we affirm.

## BACKGROUND

        On January 7, 2015, following Frawley's guilty plea to burglary, the Court of
Common Pleas of Bucks County sentenced Frawley to 6 to 12 years of incarceration.
Certified Record (C.R.) at 1.  On November 25, 2020, the Parole Board released

Frawley on parole. *Id.* at 12. At that time, his maximum sentence date was May 24, 2026. *Id.* Frawley subsequently committed violations of his parole terms, which resulted in the Parole Board recommitting him as a TPV on May 6, 2021, to serve six months of incarceration. *Id.* at 23. The Parole Board recalculated his maximum sentence date as July 28, 2026. *Id.* On October 18, 2021, the Parole Board reparoled Frawley. *Id*. at 26. As part of the conditions governing his parole, the Parole Board required Frawley to report to Kintock Erie (Kintock), a community corrections facility, and specified that "[r]emoval or termination from [Kintock] for any reason other than successful completion [would be] a violation of [Frawley's] parole." *Id.* at 31.

On January 14, 2022, Kintock unsuccessfully discharged Frawley for possessing weapons, which included a knife and two pairs of safety scissors inside a first aid kit. *Id.* at 39. The Bureau of Community Corrections' Resident Infraction Report also indicates Frawley failed to comply with his treatment plan and possessed contraband or other items not approved by the Department of Corrections. *Id.* Because of his unsuccessful discharge, the Parole Board recommitted Frawley as a TPV to serve nine months of incarceration through a Recommitment Order it mailed to Frawley on January 27, 2022. *Id.* at 58.

Frawley challenged the Parole Board's Recommitment Order by submitting a *pro se* Request for Relief, which Frawley dated February 25, 2022. *Id.* at 74-75. In his Request for Relief, Frawley asserted Kintock permitted him to have the first aid kit that contained the safety scissors. *Id.* at 74-76. The Parole Board did not receive Frawley's Request for Relief, which was postmarked on March 3, 2022 (Original Request for Relief), because it was returned to Frawley after he incorrectly addressed the envelope. After it was returned to him, Frawley sent another Request for Relief,

postmarked on April 1, 2022 (Request for Relief), which the Parole Board received on April 4, 2022. *Id.* at 78. On February 10, 2023, the Parole Board mailed its Order dismissing Frawley's appeal as untimely. *Id.* at 78. The Parole Board indicated Frawley's Request for Relief was filed beyond 30 days from the mailing date of the Parole Board's Order. *Id.*

Frawley now appeals to this Court. In his appeal, Frawley argues the Parole Board committed an error of law and abused its discretion by dismissing his appeal as untimely. Frawley's Br. at 1. Specifically, Frawley contends the "evidence of record establishe[s] that pursuant to the prisoner mailbox rule, [Frawley] timely filed a request for administrative relief." *Id.* Frawley indicates after he sent his Original Request for Relief, it was returned to him approximately a month later. *Id.* at 6. Upon its return, Frawley sent his Request for Relief *nunc pro tunc*. *Id.* at 9. In late March 2022, the Northumberland County Court of Common Pleas appointed counsel to represent Frawley, and Frawley's counsel also sent correspondence to the Parole Board at that time. *Id.* at 6. Accordingly, Frawley requests this Court remand this matter to the Parole Board to address Frawley's Request for Relief. *Id.* at 9.

In response, the Parole Board asserts it properly dismissed Frawley's Request for Relief as untimely. Parole Board's Br. at 7. First, the Parole Board explains there is no evidence in the record to support Frawley's claim that he mailed his Original Request for Relief any earlier than March 3, 2022, the date it was postmarked, which was after his appeal deadline of February 28, 2022. *Id.* at 8. Second, the Parole Board contends Frawley incorrectly addressed the envelope when he mailed his Request for Relief, which caused the mail to be returned to him. *Id.* at 8. Therefore, the Parole Board asserts the prisoner mailbox rule is inapplicable to Frawley's situation because there is no evidence Frawley provided his Original

3

Request for Relief to prison officials or a prison mailbox by his appeal deadline, and, even if he had, his Original Request for Relief was returned to him because he failed to correctly address his envelope, which does not entitle him to relief. *Id.* at 13.

## DISCUSSION

In reviewing the Parole Board's decision, we are limited to determining whether the Parole Board violated a party's constitutional rights, whether an error of law has been committed, or whether substantial evidence supports the Parole Board's necessary findings of fact. *Gibson v. Pa. Bd. of Prob. & Parole*, 3 A.3d 754, 755 n.1 (Pa. Cmwlth. 2010). Section 6113(d)(1) of the Prisons and Parole Code (Code),[1] 61 Pa.C.S. § 6113(d)(1), provides a party may "appeal a revocation decision within 30 days of the [Parole Board's] order." The Parole Board's regulations specify that appeals and petitions for administrative review filed by an inmate must "be received at the [Parole] Board's Central Office within 30 days of the mailing date of the [Parole] Board's order [or determination]." 37 Pa. Code § 73.1. This Court has held that this deadline is jurisdictional, meaning the Parole Board lacks authority to consider untimely appeals or petitions. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Further, the Parole Board cannot review second or subsequent appeals or petitions for administrative review that are filed beyond 30 days from the mailing date of the Parole Board's order. 37 Pa. Code § 73.1(a)(4), (b)(3).

To address the difficulties faced by inmates who have less control over their mailings and cannot "personally travel" to file pleadings, the courts have adopted the "prisoner mailbox rule." *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 281 (Pa. 1996) (citation omitted). "Under the prisoner mailbox rule, a prisoner's *pro se*

---

[1] 61 Pa.C.S. §§ 101-7301.

4

appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). For a prisoner to benefit from the prisoner mailbox rule, the prisoner bears the burden of proving that he placed his appeal in a prison mailbox or delivered his appeal to prison officials for mailing within the appropriate time period. *Id.* at 1097. A prisoner may meet this burden by providing "any reasonably verifiable evidence of the date that the prisoner deposits the appeal," including "certificates of mailing, cash slips, affidavits, [or] prison operating procedures." *Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 50, 503 (Pa. Cmwlth. 2008).

While the deadline to appeal a decision of the Parole Board is mandatory, we may permit an appeal *nunc pro tunc* in extraordinary circumstances. *Blast Intermediate Unit # 17 v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994); *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 (Pa. Cmwlth. 2009). However, we will only permit an appeal *nunc pro tunc* if the petitioner demonstrates to the Court that fraud or a breakdown in the judicial process caused the delay in filing or, alternatively, non-negligent circumstances related to the petitioner, his or her counsel, or a third party caused the delay. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

Here, the Parole Board mailed its Recommitment Order on January 27, 2022. Therefore, Frawley's appeal deadline was February 28, 2022.[2] Frawley argues this Court should apply the prisoner mailbox rule to deem his request timely filed. In his Petition for Review, Frawley broadly asserts he "filed a pro se Request for Administrative Review on or about February 27, 2022." Petition for Review,

---

[2] Thirty days from January 27, 2022, would set the filing deadline at February 26, 2022. However, because February 26, 2022, was a Saturday, Frawley had until Monday, February 28, 2022, to file his Request for Relief with the Parole Board. *See* 1 Pa.C.S. § 1908.

3/3/2023, at 1. In his Brief, Frawley simply indicates the "record reflects that [Frawley] timely filed his initial appeal." Frawley's Br. at 9. Frawley, however, failed to introduce a certificate of mailing, cash slip, affidavit, or any other evidence demonstrating that he placed his Original Request for Relief in a prison mailbox or provided it to prison officials by February 28, 2022. Instead, the only evidence of mailing in the record is the Original Request for Relief's postmark date of March 3, 2022. Thus, even under the prisoner mailbox rule, Frawley's appeal was not delivered to prison authorities or placed in the prison mailbox prior to the expiration of the 30-day appeal period.

Next, Frawley asserts the Parole Board should consider his Request for Relief *nunc pro tunc*. Frawley has not, however, provided any evidence of fraud or a breakdown in the Parole Board's operations with respect to the timeliness of his filing. Instead, the evidence shows Frawley's late filing was due to his own negligence. Frawley's Original Request for Relief, with a postmark date of March 3, 2022, was returned to him because he did not correctly address the envelope. *See* C.R. at 73. We have previously indicated that where "an inmate's filing is received late because it was incorrectly addressed, the inmate must bear the consequences." *Tate v. Pa. Bd. of Prob. & Parole*, 797 A.2d 435, 436 (Pa. Cmwlth. 2002). Therefore, even if Frawley had proven he attempted to file the Original Request for Relief before the 30-day appeal period ended, Frawley's failure to properly address the envelope renders him ineligible for *nunc pro tunc* relief. *See Cook*, 671 A.2d at 1131.

6

## CONCLUSION

For these reasons, we cannot conclude the Parole Board erred in dismissing Frawley's Request for Relief as untimely. Accordingly, we affirm the Parole Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Frawley,                                   :
                            Petitioner            :
                                                  :
        v.                                        : No.  211 C.D. 2023
                                                  :
Pennsylvania Parole Board,                        :
                            Respondent  :


# **O R D E R**


**AND NOW**, this 13th day of March 2024, the Pennsylvania Parole Board's order mailed February 10, 2023, is **AFFIRMED**.


                                        _____
                                        STACY WALLACE, Judge