J-S04007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE JACKSON | : | |
| | : | |
| Appellant | : | No. 1860 EDA 2025 |

Appeal from the PCRA Order Entered May 30, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001402-2023

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MARCH 18, 2026**

Theodore Jackson appeals,[1] *pro se*, from the order, entered in the Court

of Common Pleas of Montgomery County, dismissing his petition filed pursuant

---

[1] On May 30, 2025, the PCRA court dismissed Jackson's petition and, on July 2, 2025, Jackson filed a notice of appeal outside of the 30-day window. **See** Pa.R.A.P. 903(a) ("notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). However, in its order dismissing Jackson's petition, the PCRA court did not indicate that it effected service on Jackson in his *pro se* capacity. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1116-17 (Pa. Super. 2023) (Rule 903 appeal window does not run until order is served upon *pro se* appellant). Consequently, we consider Jackson's notice of appeal timely filed.

Additionally, we observe that Jackson is incarcerated and, thus, benefits from the prisoner mailbox rule. **See** Pa.R.A.P. 121(f). Although Jackson's notice of appeal does not contain a receipt indicating when it was deposited with prison authorities, his notice of appeal is a mere two days beyond Rule 903's 30-window. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (this Court may avoid quashal where date of receipt indicates that appellant **likely** placed notice of appeal in hands of prison authorities before expiration of Rule 903 30-day window). Here, Jackson's 30th day to

*(Footnote Continued Next Page)*

to the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On January 30, 2023, [Jackson] threatened two [] individuals with a firearm during a robbery at a pharmacy in Lower Merion Township. [Jackson] was a convicted felon and[,] therefore[,] was not permitted to possess firearms.
>
> On October 26, 2023, [Jackson] entered into a negotiated plea agreement in which he pled guilty to two [] counts of robbery—fear of serious bodily injury and one [] count of persons not to possess, use, manufacture, control, sell[,] or transfer firearms. That same date, as part of the plea agreement, the [trial] court imposed an aggregate sentence of [15] to [30] years['] imprisonment. [Jackson] did not file any post-sentence motions or a notice of appeal.

PCRA Court Opinion, 7/29/25, at 1 (footnotes omitted).

On March 28, 2025, Jackson filed the instant PCRA petition, his first. Relevantly, in his PCRA petition Jackson claimed that he attempted to file a PCRA petition in September of 2024,[2] but that the prison had provided him

_____

appeal fell on a Sunday, which resulted in Jackson having until June 30, 2025 to file a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from computation of time when last day of time period falls on weekend or holiday). Thus, Jackson's notice of appeal, marked received on July 2, 2025, falls within the exception outlined in ***Patterson***. ***See Patterson***, ***supra***. This is another basis upon which we may overlook Jackson's facially untimely notice of appeal. Accordingly, we address the timeliness of Jackson's underlying PCRA petition.

[2] We observe that the March 28, 2025 PCRA petition is Jackson's first PCRA petition because, for the reasons discussed ***infra***, the September 2024
*(Footnote Continued Next Page)*

with the wrong court address resulting in the United States Postal Service (USPS) being unable to deliver it. Jackson contended that the prisoner mailbox rule should permit his September 2024 petition to be considered filed as of the date it was postmarked by USPS, which was September 16, 2024. In the alternative, Jackson asserted that his March 28, 2025 petition should be considered timely under the governmental interference exception to the PCRA time bar where the prison provided him with the incorrect address for the Court of Common Pleas of Montgomery County and USPS took over five months to return his September 2024 petition to him. Jackson posited that, due to USPS's delay, he was unaware that his September 2024 petition had not been filed until he was outside of his one-year window to timely file a PCRA petition.

On April 4, 2025, the PCRA court appointed counsel who, on May 1, 2025, filed a **Turner**/**Finley**[3] no-merit letter and a petition to withdraw as counsel. On May 6, 2025, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Jackson's PCRA petition without a hearing. On the same date, the PCRA court granted counsel's petition to withdraw. Jackson, now proceeding *pro se*, did not file a Rule 907 response. On May 30, 2025, the

_____

petition was never filed and, consequently, does not constitute his first PCRA petition. Nevertheless, for the purposes of our analysis, we refer to them as the March 28, 2025 PCRA petition and the September 2024 petition, respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

PCRA court dismissed Jackson's PCRA petition after concluding that it was untimely filed and the prisoner mailbox rule did not apply to Jackson's September 2024 petition.

Jackson filed the instant *pro se* appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Jackson now raises the following claim for our review: "Did the PCRA Court err by adopting [PCRA c]ounsel's [] no-merit letter as well as [PCRA c]ounsel's motion to withdraw where [Jackson's PCRA] petition was timely filed and had merit?" Brief for Appellant, at 4.

In his argument, Jackson offers two separate bases for relief, which we address separately.[4] *See* Brief for Appellant, at 8-13. First, Jackson contends that his September 2024 petition should benefit from the prisoner mailbox rule as he demonstrated that it was postmarked by USPS on September 16, 2024, and, therefore, should have been considered filed as of that date. *See id.* We disagree.[5]

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 146

---

[4] We note that, like in his March 28, 2025 PCRA petition, Jackson intertwines these two claims. However, Jackson raises distinct claims and, therefore, we address them separately.

[5] Although jurisdiction is often the paramount concern in PCRA proceedings, we address Jackson's prisoner mailbox claim first because the resolution of that claim will govern timeliness and, therefore, jurisdiction.

A.3d 221, 226 n.9 (Pa. 2016) (citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007).

The "prisoner mailbox rule" deems a *pro se* prisoner's filing as filed on the date the inmate delivers it to prison authorities for mailing. ***See*** Pa.R.A.P. 121(f) ("*pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip"). Rule 121(f) adopts the prisoner mailbox rule set forth in ***Smith v. Board of Probation and Parole***, 683 A.2d 278, 281 (Pa. 1996). ***See*** Pa.R.A.P. 121 cmt.

However, the Commonwealth Court of Pennsylvania[6] has long held that the prisoner mailbox rule does not apply where the prisoner used an incorrect address. ***See Tate v. Pennsylvania Board of Probation and Parole***, 797 A.2d 435, 436 (Pa. Cmwlth. 2002) (where "an inmate's filing is received late because it was incorrectly addressed, the inmate must bear the consequences"). Thus, where an inmate uses the incorrect mailing address for a court, the inmate may not benefit from the prisoner mailbox rule. ***See id.***

---

[6] Decisions of the Commonwealth Court are not binding upon this Court, but may serve as persuasive authority. ***See Commonwealth v. Bowers***, 185 A.3d 358, 362 n.4 (Pa. Super. 2018).

Instantly, Jackson's September 2024 petition was, by his own admission, sent to the wrong address. The USPS postmarked Jackson's September 2024 petition on September 16, 2024, but ultimately marked it as undeliverable, and returned it to Jackson on March 20, 2025.[7] We note that Jackson appended two courthouse directories to his March 28, 2025 PCRA petition, one from 2020 and one from 2024. *See* PCRA Petition, 3/28/25, at Exhibit A (2020 courthouse directory); *id.* at Exhibit B (2024 courthouse directory). Based upon Jackson's own claims, he was provided with both directories prior to his attempt to file the September 2024 petition.

Notably, the 2020 directory contains the address "400 Swede Street" for the "Courthouse," which is the address Jackson used to mail his September 2024 petition. *See* PCRA Petition, 3/28/25, at Exhibit A. However, the 2020 directory also includes the address "Swede and Airy Sts., P.O. Box 311" for every judge and every court office listed in Montgomery County. Further, the 2024 directory, which Jackson appended to his March 28, 2025 PCRA petition, contains the same "Swede and Airy Sts., P.O. Box 311" address. *See id.* at Exhibit B. It is undisputed that the "Swede and Airy Sts., P.O. Box 311" address is the correct address. *See* PCRA Court Opinion, 7/29/25, at 4; Brief for Appellant, at 8-13. Further, it is clear that Jackson was provided with the correct mailing address of the Montgomery County Courthouse, its judges,

_____

[7] Jackson alleges this date in his appellate brief but provides no supporting evidence as to when USPS returned his September 2024 petition. *See* Brief for Appellant, at 5.

court offices, and court administration, but used an incorrect address. As a result, he cannot now benefit from his self-inflicted error. In light of the procedural posture of this case, we find **Tate** persuasive and conclude that Jackson cannot avail himself of the prisoner mailbox rule where he admittedly sent his September 2024 petition to the wrong address. **See Tate**, **supra**.

As a result of the foregoing, we must now discern whether Jackson's March 28, 2025 PCRA petition is timely and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Jackson's judgment of sentence became final, for purposes of the PCRA, on November 27, 2023, when the time expired for him to file a notice of appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(1); Pa.R.A.P. 903(a). Thus, Jackson had until November 27, 2024, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Consequently, Jackson's petition, filed on March 28, 2025, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Jackson argues that even if he cannot avail himself of the prisoner mailbox rule, his March 28, 2025 PCRA petition falls under the governmental interference exception. *See* Brief for Appellant, at 8-13. In particular, Jackson asserts that the prison provided him with the wrong address for the Montgomery County Courthouse, which prohibited him from properly addressing his September 2024 PCRA petition. *See id.* Additionally, Jackson contends that the USPS's delay in returning his September 2024 petition to

him resulted in Jackson being unable to correct his error and timely file his PCRA petition. *See id.* We disagree.

In order to satisfy the governmental interference exception "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, **and** the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted, emphasis added).

Instantly, as explained above, Jackson's choice to use the incorrect address contained in the 2020 courthouse directory was an entirely self-inflicted injury and, consequently, not the "result of interference by government officials." *Id.* Jackson, by his own admission, was provided with both the 2020 and 2024 courthouse directories, yet he opted to use the incorrect address contained within the 2020 courthouse directory. Jackson fails to explain why he chose to use the older 2020 directory when he had the more current 2024 directory provided to him. Additionally, Jackson was able to observe the conflicting addresses available to him but took no steps to ascertain which address was correct. Indeed, Jackson could have asked for assistance, but his petition and brief are devoid of any steps taken to determine the accuracy of the addresses. Further, the 2020 courthouse directory contained the correct address, yet Jackson opted to use the incorrect address. Consequently, Jackson's claim that the prison provided him with the

wrong courthouse address is belied by the record and does not satisfy the governmental interference exception. ***See id.***

Additionally, we conclude that Jackson did not act with the requisite due diligence. Again, it is difficult to imagine that Jackson acted with the requisite diligence where he was presented with the correct address and opted to use an incorrect address. Further, despite Jackson's allegation that USPS did not return his September 2024 petition to him until March 20, 2025, Jackson admits that he did not inquire into the status of his September 2024 petition until early March of 2025, **four months after his petition would have been untimely**. ***See*** Pro Se Correspondence, 3/13/25, at 1 (Jackson *pro se* letter requesting counsel appointment for PCRA petition). Had Jackson sent the petition to the correct address or perhaps inquired into which address was correct from the directories, his petition would have been timely filed with two months to spare. In our view, Jackson failed to act with the requisite diligence by allowing those two months to lapse, plus an additional four months, before he inquired as to the status of his petition. As a result, we conclude that Jackson has failed to satisfy an exception to the PCRA time bar and we affirm the PCRA court's dismissal of Jackson's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/18/2026</u>