J-S11025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| WILLIAM JOHN HOOTEN | : |
| | : |
| Appellant | : No. 556 WDA 2025 |
| | : |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003008-2022

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| WILLIAM JOHN HOOTEN | : |
| | : |
| Appellant | : No. 557 WDA 2025 |
| | : |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003175-2022

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| WILLIAM JOHN HOOTEN | : |
| | : |
| Appellant | : No. 558 WDA 2025 |
| | : |

Appeal from the Judgment of Sentence Entered January 28, 2025

J-S11025-26

In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002859-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOHN HOOTEN | : | |
| | : | |
| Appellant | : | No. 559 WDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered January 28, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000132-2023

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                          **FILED: June 3, 2026**

Appellant, William John Hooten, appeals from the aggregate judgment of sentence of 1 to 5 years' incarceration, followed by 2 years' probation, imposed after he pled guilty, in four separate cases,[1] to four counts of driving under the influence of alcohol or a controlled substance ("DUI"), 75 Pa.C.S. § 3802, and three counts of driving while operating privilege is suspended or revoked ("driving while suspended"), 75 Pa.C.S. § 1543. On appeal, Appellant solely challenges the validity of his waiver of his right to counsel. After careful review, we are compelled to quash these appeals.

The facts underlying Appellant's convictions are not necessary to our disposition of his instant appeals. We only note that Appellant was charged,

_____

[1] This Court *sua sponte* consolidated Appellant's four appeals by order entered on September 5, 2025.

- 2 -

in four separate cases, with DUI and other related offenses based on allegations he was driving while intoxicated on May 1, 2022; August 14, 2022; August 23, 2022; and October 10, 2022.

At a pretrial hearing on July 9, 2024, the Commonwealth notified the court Appellant no longer qualified for court-appointed counsel, as he owned a business and his "income [was] too high."  N.T., 7/9/24, at 3, 4.  After Appellant stated he did not intend to hire private counsel, the court conducted an oral colloquy regarding his waiver of his right to an attorney.  ***See id.*** at 5-8.  Based on that colloquy, as well as a written waiver colloquy completed by Appellant, the court determined his waiver was knowing and voluntary, and permitted him to proceed *pro se*.  ***Id.*** at 8.

On September 16, 2024, Appellant appeared *pro se* before the court to enter guilty pleas in each of his four cases.  At the start of the proceeding, the court noted Appellant had completed another written colloquy on the waiver of his right to counsel, and it once again conducted an oral colloquy on Appellant's decision to do so.  N.T., 9/16/24, at 2-4.  Based on those colloquies, the court again determined Appellant's waiver of his right to counsel was valid, and it permitted him to proceed *pro se*.  ***Id.*** at 4.

Appellant then entered guilty pleas in the four above-captioned cases. Specifically, in case CP-25-CR-0003008-2022, Appellant pled guilty to DUI under 75 Pa.C.S. § 3802(a)(1) as a first offense, as well as driving while suspended under 75 Pa.C.S. § 1543(b)(1)(ii).  In case CP-25-CR-0002859-2022, Appellant pled guilty to DUI under 75 Pa.C.S. § 3802(a)(1) as a second

offense, as well as driving while suspended under 75 Pa.C.S. § 1543(b)(1)(ii). In case CP-25-CR-0003175-2022, Appellant pled guilty to DUI under 75 Pa.C.S. § 3802(d)(3) as a third offense, as well as driving while suspended under 75 Pa.C.S. § 1543(b)(1.1)(ii). Finally, in case CP-25-CR-0000132-2023, Appellant pled guilty to DUI under 75 Pa.C.S. § 3802(a)(1) as a fourth offense.

On January 21, 2025, the court sentenced Appellant to an aggregate term of 1 to 7 years' incarceration. However, on January 28, 2025, the court re-sentenced him to an aggregate term of 1 to 5 years' incarceration, followed by 2 years' probation. On February 11, 2025, Appellant filed two *pro se* post-sentence motions at each docket number, one entitled, "Post Sentence Motion Legality of Sentence," and a second entitled, "Post Sentence Motion Withdrawal of Guilty Plea Pa.R.Crim.P. 590."[2] On March 10, 2025, the trial court conducted a hearing on Appellant's motions. At the outset, the Honorable David Ridge noted Appellant had sent both motions to his chambers, "and they were not properly docketed." N.T., 3/10/25, at 3. Judge Ridge stated he "had [his] office file those motions[,] which [Appellant] had sent [him]." *Id.* The judge then stated, "I don't know the exact timeframe. But I believe [the motions were] timely filed." *Id.* Accordingly, Judge Ridge proceeded to consider the merits of Appellant's motions, and stated at the

---

[2] As will be discussed, *infra*, Appellant mailed his post-sentence motions to the trial judge, who then forwarded them to the Clerk of Courts. The Clerk of Courts time-stamped the motions as being filed on February 11, 2025.

close of the hearing that he would issue decisions on the motions within 30 days. *Id.* at 20.

On March 28, 2025, Appellant filed an "Application for Public Defender." On April 1, 2025, Jessica A. Fiscus, Esquire, entered her appearance on behalf of Appellant. On April 8, 2025, the trial court issued, at each docket number, an order and opinion denying Appellant's post-sentence motion to withdraw his guilty plea. On April 9, 2025, the court issued, at each docket number, an order and opinion denying Appellant's post-sentence motion challenging the legality of his sentence.

On May 7, 2025, Attorney Fiscus filed a notice of appeal in each of Appellant's four cases. Appellant and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Did the trial court err when it permitted Appellant to proceed *pro se* as the trial court did not complete the mandatory, comprehensive, and penetrating colloquy into all six areas required by Pa.R.Crim.P. 121 - and into Appellant's age, educational background, and basic comprehension skills - in order to establish that he knowingly, voluntarily[,] and intelligently waived his right to counsel?

Appellant's Brief at 13 (unnecessary capitalization omitted).

Initially, we must address the timeliness of these appeals. Absent extraordinary circumstances, such as fraud or a breakdown in court process, this Court has no jurisdiction over an untimely appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). We may raise such jurisdictional issues *sua sponte. Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). This Court has made clear the "time limitations for

- 5 -

taking appeals are strictly construed and cannot be extended as a matter of grace." ***Id.*** In cases where no post-sentence motions are filed (or the Commonwealth moves to modify the sentence), a defendant has 30 days to file an appeal from the imposition of sentence in open court. ***See*** Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a ***timely*** post-sentence motion, the appeal period does not begin to run until the motion is decided. ***See*** Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). ***See also Commonwealth v. Dreves***, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) (stating, based on the language of Rule 720(A)(2), that "an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a ***timely*** post-sentence motion") (emphasis added).

However, "where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence." ***Dreves***, 839 A.2d at 1127. In ***Dreves***, we noted a defendant may request *nunc pro tunc* consideration of a post-sentence motion within thirty days of the judgment of sentence, but the court must expressly grant that motion to retain jurisdiction. ***Id.*** at 1128-29. The ***Dreves*** panel also clarified "the trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id.*** at 1129.

Here, Appellant's judgment of sentence was imposed on January 21, 2025, making his post-sentence motions due on February 7, 2025. Appellant's motions, which Judge Ridge forwarded to the Clerk of Courts, were not filed

until February 11, 2025. Consequently, the 30-day appeal period was not tolled, and his notices of appeal were therefore due by February 20, 2025. However, Appellant's notices of appeal were not filed until May 7, 2025, making them patently untimely.

Accordingly, on July 11, 2025, this Court issued a rule to show cause in each case, directing Appellant to respond within 10 days explaining why his appeals should not be dismissed as untimely. On July 21, 2025, Attorney Fiscus filed a response at each docket number. Therein, counsel conceded "the record does not reveal that Judge Ridge expressly granted [Appellant's] right to file the motions *nunc pro tunc* by February 27, 2025 (the thirtieth day after re-sentencing)." Response, 7/21/25, at 1 (single page). Thus, Attorney Fiscus admitted the **Dreves** exception for *nunc pro tunc* relief does not apply. **Id.**

Next, Attorney Fiscus discussed "whether the prisoner mailbox rule has any application to this case…." **Id.** Counsel explained:

> The record reflects that [Appellant's *pro se*] "Post-Sentence Motion[] Legality of Sentence" contains a "Certificate of Service" dated January 31, 2025, which purports to copy the Clerk of Courts and … [Judge] Ridge. Further, the Clerk of Courts also docketed the envelope accompanying this motion, which was addressed to Judge Ridge and mailed from the Erie County Prison. This envelope bears two postage stamps but does not contain a postmark.
>
> The record also reflects that [Appellant's *pro se*] "Post Sentence Motion Withdrawal of Guilty Plea Pa.R.Crim.P 590["] contains a "Certificate of Service" dated January 29, 2025, which purports to copy Judge Ridge and the Clerk of Courts. Further, the Clerk of Courts docketed the envelope accompanying this motion, which was addressed to Judge Ridge and was mailed from the Erie

- 7 -

County Prison. This envelope was postmarked on January 31, 2025.

Due to [Appellant's] incarceration at the time of his *pro se* filings, he is entitled to the benefit of the prisoner mailbox rule. ***Commonwealth v. Betts***, 240 A.3d 616, 619 n.[]5 (Pa. Super. 2020). "Under this rule, submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over to prison officials for mailing." ***Id.***[3] The Courts of this Commonwealth "are inclined to accept **any** reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." ***Id.*** ([emphasis] in original). The Superior Court has explained that, as the prisoner mailbox rule expressly addresses when a document is "filed[,]" "the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1282 (Pa. Super. 2011).

In the instant case, the post-sentence motions and envelopes docketed of record appear to have been sent directly to Judge Ridge, rather than the Clerk of Courts. "It is well settled that simply depositing a motion in a judge's chambers is not filing." ***Id.*** When [Appellant] inquired of the Clerk of Courts on February 1[1], 2025[,] as to the lack of "confirmation[,]" he received the following correspondence from the Clerk of Courts: "Hello! We received your motions on February 11, 2025. The reason why we just received them is because you mailed them to Judge Ridge directly and not the Clerk of Courts. Your motions have now been filed as of February 11, 2025. Thanks!" [Case Correspondence (Docket Entry #22), 2/11/25, at 1 (single page).] The docket then reveal[s] that [Appellant] re-submitted a "Motion in Support of Petition to Withdraw Plea" to the Clerk of Courts, wherein he acknowledged in [a] cover letter that he "previously sent my motions to the Honorable Judge Ridge in error." [Cover Letter to Motion in Support of Petition to Withdraw Plea, 2/14/25, at 1 (single page).]

---

[3] ***See also*** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

> However, the undersigned observes one remaining fact of record that lacks explanation. In each of the certificates of service accompanying the *pro se* post-sentence motions, [Appellant] indicate[d] that he copied both Judge Ridge and the Clerk of Courts with the post-sentence motions. (He also reached out to the Clerk of Courts on February 1[1], 2025[,] as he had "not received confirmation at all," which suggests that they were also an intended recipient of the motions.) If [Appellant] did copy the Clerk of Courts, then the Certificates of Service would provide verifiable evidence of the filing date. **See Betts**, **supra** at n.5 (accepting the date on the certificate of service as evidence of the date of mailing).
>
> In the abundance of caution for the appellate rights of this *pro se* defendant, the undersigned asks this … Court to remand for an evidentiary hearing as to whether copies were also mailed to the Clerk of Courts. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (noting that, where facts concerning timeliness are in dispute when the defendant invokes the prisoner mailbox rule, a remand for an evidentiary hearing may be warranted).

**Id.** at 1-2 (unnecessary capitalization omitted). After careful review of the record, we disagree with counsel that our remanding for an evidentiary hearing is warranted.

Initially, we agree with Attorney Fiscus the exception set forth in **Dreves** for *nunc pro tunc* relief does not apply to these appeals. Appellant did not file a motion seeking permission to file a post-sentence motion *nunc pro tunc* and explaining why such permission should be granted. **See Dreves**, 839 A.2d at 1128 ("To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing.") (footnote omitted). Moreover, the trial court did not expressly grant Appellant permission to file his post-sentence motions *nunc pro tunc*; thus, the 30-day appeal period was not tolled or extended. **Id.** at 1129 ("If the trial court does not expressly

- 9 -

grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended.").

Regarding the prisoner mailbox rule, we note that although Appellant's certificates of service attached to each post-sentence motion state: "CC Clerk of Courts," the record makes clear he did not mail those motions to the Clerk of Courts for filing. For instance, in Appellant's motion to withdraw his plea, he stated he was "submit[ting] the following to the Honorable Judge Ridge for review." Post Sentence Motion Withdrawal of Guilty Plea Pa.R.Crim.P. 590, 2/11/25, at unnumbered 8. Moreover, the envelopes in which both of Appellant's post-sentence motions were sent state: "Att: Honorable Judge Ridge[,]" followed by the address of the Erie County Courthouse. **See** Post Sentence Motion Legality of Sentence, 2/11/25, at unnumbered 11 (photocopy of envelope); Post Sentence Motion Withdrawal of Guilty Plea Pa.R.Crim.P. 590, 2/11/25, at unnumbered 9 (photocopy of envelope). Then, in the letter sent by Appellant to the clerk of courts (hand-dated February 10, 2025, and time-stamped on February 11, 2025), Appellant stated, "I'm writing in concern of a few motions I have **filed** in a timely manner **to [the] Honorable Judge Ridge**." Letter, 2/11/25, at 1 (single page; emphasis added). Finally, Appellant admitted in the cover letter attached to his "Motion in Support of Petition to Withdraw Plea" filed on February 14, 2025, that he had erroneously sent his earlier post-sentence motions to Judge Ridge.

Ultimately, nothing in the record indicates that Appellant attempted to **mail** his post-sentence motions to the Clerk of Courts; instead, he mailed

those documents solely to Judge Ridge. In discussing the prisoner mailbox rule, the Commonwealth Court has declared: "Where an inmate's filing is received late because it was incorrectly addressed, the inmate must bear the consequences." *Tate v. Pennsylvania Bd. of Prob. & Parole*, 797 A.2d 435, 436 (Pa. Cmwlth. 2002).[4] The Court further held that inmates are not entitled to the benefit of the prisoner mailbox rule where they have misaddressed items. *Id.*

Recently, this Court applied *Tate* in *Commonwealth v. Jackson*, No. 1860 EDA 2025, unpublished memorandum (Pa. Super. filed Mar. 18, 2026). There, Jackson sent a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, to the wrong courthouse address. *Id.* at 6. Although it was "clear that Jackson was provided with the correct mailing address of the Montgomery County Courthouse, its judges, court offices, and court administration," he had nevertheless "used an incorrect address." *Id.* at 6-7. Recognizing "the Commonwealth Court of Pennsylvania has long held that the prisoner mailbox rule does not apply where the prisoner used an incorrect address," *id.* at 5 (citing *Tate*, *supra*), we determined Jackson could not "now benefit from his self-inflicted error." *Id.* at 7. Instead, we found "*Tate* persuasive and conclude[d] that Jackson [could not] avail himself of the

---

[4] "This Court is not bound by the decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate.'" *Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citations omitted).

prisoner mailbox rule where he admittedly sent his … petition to the wrong address." *Id.* (citing *Tate*, *supra*).

The same is true in the instant case. Although Appellant wrote "cc Clerk of Courts" on the certificates of service attached to both motions, he unequivocally — and by his own admission — *mailed* those motions solely to Judge Ridge. Importantly, Appellant was notified, both orally and in writing, that any post-sentence motions must be *filed with the Clerk of Courts*. Specifically, at Appellant's re-sentencing proceeding on January 28, 2025, the court had the following exchange with Appellant:

> THE COURT: … I'll give you ten days from today's date to file something in writing. I won't even backtrack it to last week.
>
> I have no problem with you submitting something in writing to the [c]ourt and to the Commonwealth, of course. *Make sure it's properly filed.*
>
> [Appellant]: Okay.
>
> THE COURT: I guarantee I'll give it the attention it deserves. I will read it carefully. But that's as far as we can go with what I was trying to accomplish today.
>
> [Appellant]: Thank you.
>
> THE COURT: But you still have every single right to file that. *Just make sure it's properly filed with the [C]lerk of [C]ourts* so it can be served upon the District Attorney's [O]ffice also.

N.T., 1/28/25, at 13-14 (emphasis added). Additionally, Appellant was provided with a written "Acknowledgment of Post-Sentencing and Appellate Rights" after both his initial sentencing on January 21, 2025, and his re-sentencing on January 28, 2025. Appellant twice signed that form, which stated: "A post-sentence motion must be in writing, include all of your

- 12 -

requests, and ***be filed with the Clerk of Courts within ten (10) days of your sentencing date***." Defendant's Acknowledgment of Post-Sentencing and Appellate Rights, 1/21/25, at 1 ¶ 2 (single page; emphasis added); Defendant's Acknowledgment of Post-Sentencing and Appellate Rights, 1/28/25, at 1 ¶ 2 (single page; emphasis added).

Clearly, Appellant was notified he must file his post-sentence motions with the Clerk of Courts, yet the record makes clear he only mailed those documents to Judge Ridge. Consequently, we are compelled to conclude the prisoner mailbox rule does not apply to Appellant's post-sentence motions. ***See Jackson***, ***supra***; ***Tate***, ***supra***. As Appellant's post-sentence motions were not filed until February 11, 2025, they were untimely and did not toll the 30-day appeal period. Therefore, his instant notices of appeal filed on May 7, 2025, were also untimely. Because we do not have jurisdiction to address the merits of Appellant's untimely appeals, we quash.

Appeals quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/03/2026

- 13 -